UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN FEUERBACHER, individually and as parents and next friends of RF, a minor child; KRISTIANA FEUERBACHER, individually and as parents and next friends of RF, a minor child; a minor child RF,<br><br>　　　Plaintiff,<br><br>v.<br><br>ADA COUNTY, a political subdivision of the state of Idaho; MIKE PAANANEN; DHARYAN COX,<br><br>　　　Defendants. | Case No. 1:25-cv-00706-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are two Motions to Dismiss: one filed by Defendant Ada County, and the other by Defendants Mike Paananen and Dharyan Cox. Dkts. 3; 11.[1] Upon review, and for the reasons set forth below, the Court GRANTS both Motions.

## II. BACKGROUND

In December 2024, Plaintiffs John Feuerbacher, Kristiana Feuerbacher, and their minor child, "R.F.," relocated from Florida to Idaho. The Feuerbachers sought to distance themselves from Natasha Hemric, who had allegedly stalked and harassed them and who

---

[1] The Court finds the issues are adequately presented and that oral argument would not aid the Court's decision. Accordingly, the Court will decide the Motions on the briefs without oral argument. *See* D. Idaho Local Rule 7.1(e)(1)(B).

MEMORANDUM DECISION AND ORDER - 1

was restrained from contacting the Feuerbachers by a protection order. In February 2025, the Feuerbachers sought a temporary protection order (the "Order") against Hemric, which the Ada County Magistrate Court granted.

The Feuerbachers assert that Idaho law required the court clerk's office to forward the Order to the appropriate law enforcement agency, who would then serve Hemric. *See* Idaho Code § 18-7907. But instead of forwarding the Order to law enforcement, Defendant Cox allegedly forwarded it to a private process server. The Feuerbachers state the protection order contained confidential information pertaining to the Feuerbachers' residence and contact information, which was served to Hemric, the restrained party. The Feuerbachers were made aware that their personal information may have been compromised when the Ada County Sheriff's Office called to inform them that the sheriff's office "would be running extra patrols around [their] home." Dkt. 1, at ¶ 23. After the incident, the Feuerbachers allege Defendants "falsely blamed the use of private server on the Lewis County Sheriff's Office in Tennessee." *Id.* at ¶ 55. The Feuerbachers also accuse Defendants of making "at least five specific misrepresentations" in an attempt to cover up their mistakes. *Id.* at ¶ 81.

The Feuerbachers filed a Notice of Tort Claim against Ada County relating to the alleged improper service of the protection order and disclosure of their private information to the restraint party. They then filed suit, alleging ten different federal and state causes of action.

Defendant Ada County filed a Motion to Dismiss on January 7, 2026, Dkt. 3, while Defendants Paananen and Cox filed their Motion to Dismiss on January 30, 2026, Dkt. 11.

MEMORANDUM DECISION AND ORDER - 2

Both Motions assert that the Feuerbachers failed to state a claim, and Defendants Paananen and Cox's Motion further request that the Court dismiss for lack of jurisdiction. The Feuerbachers have responded. Dkts. 9; 13. Defendants have replied. Dkts. 12; 14.

The matters are now ripe for review.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122. A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements . . . ." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In considering a Rule 12(b)(6) motion, the Court must view the complaint in the light most favorable to the claimant and "accept[] all well-pleaded factual allegations as true, as well as any reasonable inference drawn from them." *Johnson*, 534 F.3d at 1122.

MEMORANDUM DECISION AND ORDER - 3

## B. Absolute judicial immunity

Defendants may raise common law immunities as a defense to § 1983 actions. *Rehberg v. Paulk*, 566 U.S. 356, 361–62 (2012). Common law has long granted judges absolute immunity for performing acts that are related to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)). Absolute quasi-judicial immunity applies to other judicial and nonjudicial officers "who perform functions closely associated with the judicial process." *Id.*, at 948 (citing *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). This immunity, however, is subject to limitations that depend on "the nature of the function performed, not the identity of the actor who performed it[.]" *Forrester*, 484 U.S. at 229.

## IV. DISCUSSION

### A. Ada County's Motion to Dismiss

*1. Proper Defendant*[2]

Idaho constitutional and statutory law treats court clerks as agents of the State rather than the counties in which they serve. The Idaho Constitution establishes the offices of clerks of court within the article concerning the judicial power. Idaho Const. art. V § 16. Idaho Code § 1-1613A(1) describes the office and duties of county officials, including a clerk, while acting in their judicial capacity:

> [A]ny county official or employee, including any elected or appointed county
> official, while acting in the course and scope of performing clerical, judicial

---

[2] The Feuerbachers argue the Court cannot consider Ada County's argument that court clerks are agents of the state on a motion to dismiss. Dkt. 9, at 3. They are incorrect. If the clerks are not agents of Ada County or subject to the County's supervision or control, the complaint "lacks a cognizable legal theory" and may be dismissed. *See Johnson*, 534 F.3d at 1121.

MEMORANDUM DECISION AND ORDER - 4

and other administrative functions and duties of the district, shall be considered an employee of the state of Idaho.

*See also* Idaho Code § 1-907(c) (providing that the administrative district judge is responsible for supervising the clerks of the district courts). Consequently, the Idaho Supreme Court has held that "[t]he clerk of the district court is a judicial officer while performing judicial clerical duties for the court." *Blankenship v. Kootenai Cnty.*, 867 P.2d 975, 977 (Idaho 1994).

Granted, the elected clerk of court is the ex officio county auditor and recorder, and in those capacities the elected clerk of court is a county officer rather than a state officer. *Crooks v. Maynard*, 732 P.2d 281, 286 (Idaho 1987). But that dual-hatted status "applies to the person and not to the office." *Id.* (citing Idaho Const. art. II § 1). Put differently, the county may supervise and direct the *person* elected clerk of court *in his responsibilities as auditor and recorder*. Yet the county can never direct or supervise the duties of that person's acts *as clerk of court*. *Id.* When the clerk acts according to his responsibilities imposed on him as clerk of court, from whatever source, the clerk is acting as an agent of the State and not the County.

The Feuerbachers argue that the clerks were Ada County employees for the purposes of this action because an Idaho statute, rather than a court order, required the clerks to serve the Protection Order. Dkt. 9, at 4 (citing I.C. § 39-6311(2)(a)). But as explained above, only the State can direct the duties of the clerk of court, whether judicial or administrative in nature. *See Crooks*, 732 P.2d at 286. Even if serving the order were considered an administrative duty, it would still fall within the purview of a clerk of court's

MEMORANDUM DECISION AND ORDER - 5

duties as delegated by the State, not the County. *See* I.C. § 39-6311(2)(a). In this case, because serving the Protection Order is a duty assigned by the State, it follows that Ada County is not the proper defendant in this action.

2. *Monell* Liability

In *Monell v. Department of Social Services of the City of New York*, the Supreme Court held municipalities can be liable under § 1983 if their policies or customs are directly responsible for the constitutional harm caused to the plaintiff. 436 U.S. 658, 690–93 (1978). A plaintiff who wishes to establish municipal responsibility in a § 1983 action must show a direct causal link between the policy or custom and alleged constitutional deprivation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–87 (1989); *see also Monell*, 436 U.S. at 690–94 (holding that plaintiff needs to prove that the local government has a formal policy or unwritten custom permitting constitutional violations); *Trevino v. Gates*, 99 F.3d 911, 918–20 (9th Cir. 1996) (discussing liability for informal customs).

Here, the Feuerbachers claim that Ada County's own internal policies govern the transmittal of protection orders. *See* Dkt. 1, at ¶ 157–160. But the duty of serving a protection order is governed by Idaho statutes, not Ada County policy. *See* I.C. § 39-6311(2)(a). For the reasons stated above, Idaho law prohibits Ada County from directing the clerk of court as such. Even if Ada County were the proper defendant, and even if Ada County created a policy that lawfully directed the clerks in their responsibilities, the Feuerbachers assert the clerks *violated* the only policies identified in the Complaint. *See* Dkt. 1, at ¶ 160. Yet a municipality is only liable under *Monell* if a policy or custom *caused* the constitutional violation. *See Monell*, 436 U.S. at 690-94. A policy or custom which a

MEMORANDUM DECISION AND ORDER - 6

municipal agent violated did not cause the agent to do anything at all. It follows that the Complaint fails to state a *Monell* claim for lack of an Ada County policy which caused the individual defendants to violate the Feuerbacher's rights. Plaintiffs' *Monell* claim must, therefore, fail.

Because the Complaint does not include any alleged acts which can be attributed to Ada County, and because the Complaint does not allege a policy or custom attributable to Ada County which caused the Feuerbacher's harm, the Court GRANTS Ada County's Motion to Dismiss.

### B. Paananen and Cox's Motion to Dismiss[3]

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). "[A]bsolute quasi-judicial immunity [applies] to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d at 952. Thus, if service of a protection order is an integral part of the judicial process, the Feuerbachers' claims are barred by absolute quasi-judicial immunity.

The Ninth Circuit has provided some instruction on which acts fall into that category. *See, e.g.*, *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021)

---

[3] The Feuerbachers bring individual-capacity claims against Defendants, Dkt. 1, at 37–40, but the Court will construe the complaint as stating both official- and individual-capacity claims. The official-capacity claims are barred by the Eleventh Amendment and are dismissed. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The individual-capacity claims are not dismissed on Eleventh Amendment grounds.

MEMORANDUM DECISION AND ORDER - 7

(court clerk held entitled to absolute immunity for issuing of summons and rejecting a filing, as both are an integral part of the judicial process); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (court clerk held entitled to absolute immunity for improperly conducted hearings); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerk held entitled to absolute immunity for failing to send notice to the plaintiff of a court order). The Feuerbachers attempt to characterize serving a protection order as separate from the judicial process, but it is indistinguishable from other acts held functions of the judiciary. *See, e.g.*, *In re Castillo*, 297 F.3d at 951–53 (explaining that the scheduling and giving of notice of hearings are part of the judicial process and thus entitle the bankruptcy trustee to judicial immunity). Under Ninth Circuit precedent, the fact that coordinating service of the Order may be characterized as routine, administrative, or even ministerial does not abrogate judicial immunity:

> "*Antoine* and *Forrester* do not support the proposition that judicial acts that are part of the judicial function are excluded from absolute immunity because they could be characterized as nondiscretionary or even ministerial . . . . [T]he fact that the activity is routine or requires no adjudicatory skill renders that activity no less a judicial function."

*Id.* at 952 (citing *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996)).

Because the service of a protection order clearly qualifies as a judicial act, and because the clerk of court is entitled to absolute quasi-judicial immunity when performing such acts, it follows that Defendants Paananen and Cox are immune from liability as it pertains to serving the Protection Order. The Feuerbachers contend that Paananen and Cox "violated a clear legal and administrative directive," Dkt. 1, at ¶ 195–97, 204–206, but because their conduct is part of the judicial process, Defendants are "absolutely immune

MEMORANDUM DECISION AND ORDER - 8

from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Defendants Paananen and Cox are thus immune from liability for their alleged failure to properly serve the Order, and the Court GRANTS their Motion to Dismiss as to their federal claims.[4]

## C. Supplemental State Law Claims

In addition to raising federal constitutional torts under § 1983, the Feuerbachers raise various state law claims for fraud, violation of Idaho public records law, negligent infliction of emotional distress, and negligence. Because the Court has dismissed all of the Feuerbachers' federal claims, the Court may dismiss them under 28 U.S.C. § 1367. Consistent with the Court's usual practice, and because this action involves heightened comity concerns due to the judicial context for the Feuerbachers' claims, the Court will decline to retain supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). The Feuerbachers' supplemental state law claims are, therefore, DISMISSED WITHOUT PREJUDICE.

---

[4] Defendants are probably not absolutely immune for their statements to the Feuerbachers. *See Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005) (communications to individuals outside the prosecutor's office not entitled to absolute quasi-judicial immunity); *Buckley v. Fitzsimmons*, 509 U.S. 259, 277–78 (1993) (prosecutor's statements to the press about quasi-judicial acts not entitled to absolute quasi-judicial immunity). However, once those representations are severed from the allegedly improper service of the Order (for which the individual defendants *are* absolutely immune), they fail to state a claim under the state created danger doctrine. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061–62 (9th Cir. 2006) (state created danger doctrine applies only when the "action creates or exposes the individual to a danger which he or she would not have otherwise faced."). Because the improper failure to correctly serve the Order—rather than Defendants' alleged misstatements—allegedly created or exposed the Feuerbachers to new danger, the statements cannot substantiate a state created danger claim on their own. Moreover, negligently misstating the status or nature of an order's service is not an affirmative act as required by Ninth Circuit precedent. *Id.*

MEMORANDUM DECISION AND ORDER - 9

## V. CONCLUSION

There is no dispute that the Feuerbachers have experienced great fear and anger. Nor can the Court say that fear and anger is unjustified. But what the Court can say—what it must say under Ninth Circuit and Supreme Court precedent—is that the fear and anger they have felt cannot be vindicated by a federal civil rights action on the Complaint as currently pleaded. Ada County is an improper defendant because, under Idaho law, it cannot establish policies or customs applicable to the clerk's office. Even if it could, the only policies allegedly created by Ada County were policies the clerk's office allegedly violated. And the individual defendants are entitled to absolute quasi-judicial immunity because their relevant acts were integral to the judicial process. The Court, therefore, GRANTS the Motions to Dismiss.

## V. ORDER

The Court hereby ORDERS:

1.  Ada Couty's Motion to Dismiss (Dkt. 3) is GRANTED.

2.  Mike Paananen and Dharyan Cox's Motion to Dismiss (Dkt. 11) is GRANTED.

3.  The Feuerbachers are GRANTED leave to amend. Any such amended complaint must be filed within 30 days of the entry of this Order.

DATED: July 23, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10